IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01505-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

GREGORY DEAN ALBRIGHT,

    Applicant,

v.

RICK RAEMISCH, Exec. Dir. CDOC,
DAVID WALCHER, Arapahoe County Sheriff,
LARRY KUNTZ, Washington County Sheriff,
STATE OF COLORADO,
WASHINGTON COUNTY,
ARAPAHOE COUNTY,
COLORADO ATTORNEY GENERAL,
JANE DOE, in her individual and official capacity,
JOE DOE, in his individual and official capacity, and
DOE COMPANY,

    Respondents.

ORDER DIRECTING APPLICANT TO CURE DEFICIENCIES AND
FILE AMENDED APPLICATION

    Applicant, Gregory Dean Albright, is incarcerated on a parole hold at the Arapahoe County Detention Facility in Centennial, Colorado.  He submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 2).  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the submitted documents are deficient as described in this order.  Applicant will be directed to cure the following if he

wishes to pursue any claims in this court in this action.  Any papers that Applicant files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __  is not submitted
(2)  __  is missing affidavit
(3)  __  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __  is missing certificate showing current balance in prison account
(5)  __  is missing required financial information
(6)  __  is missing an original signature by the prisoner
(7)  __  is not on proper form (must use the court's current form)
(8)  __  names in caption do not match names in caption of complaint, petition or habeas application
(9)  __  other:

**Complaint, Petition or Application**:
(10)  __  is not submitted
(11)  __  is not on proper form
(12)  __  is missing an original signature by the prisoner
(13)  __  is missing page nos. __
(14)  __  uses et al. instead of listing all parties in caption
(15)  __  names in caption do not match names in text
(16)  __  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)  _X_  other:  The only proper Respondent in a habeas corpus action is Applicant's current warden, superintendent, jailer or other custodian.
(18)  _X_  other:  The amended application, whether handwritten or typed, must be legible and written in capital and lower case letters in compliance with Rule 10.1 of the Local Rules of Practice for this Court.

The Court must construe the application liberally because Mr. Albright is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Albright will be ordered to file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

The application Mr. Albright submitted to the Court on May 29, 2014, is

unnecessarily verbose, confusing, and contains partially legible information.  *See* ECF No. 1 at 1, 5-6 .  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (Section 2254 Rules), Mr. Albright must "specify all [available] grounds for relief" and he must "state the facts supporting each ground."  The Court notes that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading.  *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  Naked allegations of constitutional violations are not cognizable under § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Therefore, the amended application Mr. Albright will be directed to file must allege in a clear and concise manner both the § 2241 claims he seeks to raise and the specific facts to support each asserted claim.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended application.

In addition, the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b), Section 2254 Rules; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995).

Accordingly, it is

ORDERED that Applicant, Gregory Dean Albright, cure the deficiencies designated above and file an amended application that complies with this order **within thirty (30) days from the date of this order**. Any papers that Applicant files in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that Applicant shall obtain the court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in curing the designated deficiencies and filing the amended application. It is

FURTHER ORDERED that, if Applicant fails to cure the designated deficiencies and file an amended application that complies with this order **within thirty (30) days from the date of this order**, the application may be denied and the action dismissed without further notice. The dismissal shall be without prejudice.

DATED June 2, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge