IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01505-BNB

GREGORY DEAN ALBRIGHT,

    Applicant,

v.

RICK RAEMISCH, Exec. Dir. CDOC,
DAVID WALCHER, Arapahoe County Sheriff,
LARRY KUNTZ, Washington County Sheriff,
STATE OF COLORADO,
WASHINGTON COUNTY,
ARAPAHOE COUNTY,
COLORADO ATTORNEY GENERAL,
JANE DOE, in her individual and official capacity,
JOE DOE, in his individual and official capacity, and
DOE COMPANY,

    Respondents.

ORDER OVERRULING OBJECTION

    Applicant, Gregory Dean Albright, is incarcerated on a parole hold at the Arapahoe County Detention Facility in Centennial, Colorado. He submitted *pro se* on June 17, 2014, an objection titled "Objection to Magistrate [Judge] Orders [sic]" (ECF No. 7). He objects to the order of June 2, 2014 (ECF No. 6), requiring him within thirty days to cure deficiencies and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

    On June 2, Magistrate Judge Boyd N. Boland ordered Mr. Albright to file within thirty days an amended habeas corpus application on the proper, Court-approved form that sued the proper Respondent, was legible and written in capital and lower-case

letters in compliance with Rule 10.1 of the Local Rules of Practice – Civil for this Court, and complied with Rule 8 of the Federal Rules of Civil Procedure and Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The June 2 order pointed out that the application was "'unnecessarily verbose, confusing, and contain[ed] partially legible information. *See* ECF No. 1 at 1, 5-6.'" The June 2 order warned Mr. Albright that if he failed to cure the designated deficiencies and file an amended application as directed within the time allowed, the action may be dismissed without further notice.

Instead of filing the amended application as directed, Mr. Albright filed an objection to the June 2 order. The Court must construe liberally the June 17 objection to the June 2 order because Mr. Albright is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the objection will be overruled.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. The Court has reviewed the file and finds that Magistrate Judge Boland's June 17 order is not clearly erroneous or contrary to law. Therefore, the objection will be overruled. Mr. Albright's request that a § 2241 form be mailed to him so that he may submit a signature on the signature page, a deficiency the Court did not require him to cure because his signature appeared at the end of the sixty-seven page application, *see* ECF No. 1 at 67, will be denied. He will, however, be sent a form so that he can submit the amended

application as ordered. His request for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), will be denied. Spears hearings were developed in the context of 42 U.S.C. § 1983 litigation, not habeas applications. *See Spears*, 766 F.2d at 180-81.

Accordingly, it is

ORDERED that the objection titled "Objection to Magistrate [Judge] Orders [sic]" (ECF No. 7) that Applicant, Gregory D. Albright, filed *pro se* on June 17, 2014, and which the Court has construed liberally as an objection pursuant to 28 U.S.C. § 636(b)(1)(A), is overruled. It is

FURTHER ORDERED that Mr. Albright's request for § 2241 form to be mailed to him so that he may submit a signature on the signature page is denied. It is

FURTHER ORDERED that the clerk of the Court is directed to mail Mr. Albright the Court-approved form for filing an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 so that he can submit the amended application as ordered. It is

FURTHER ORDERED that Mr. Albright's request for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), is denied. It is

FURTHER ORDERED that Mr. Albright will be allowed **twenty (20) days from the date of this order** in which to comply with the order of June 2, 2014 (ECF No. 6), requiring him within thirty days to cure deficiencies and file an amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  Failure to do so within the time allowed may result in the dismissal of the instant action.

DATED at Denver, Colorado, this   27th   day of     June        , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court