IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01505-BNB

GREGORY DEAN ALBRIGHT,

      Applicant,

v.

RICK RAEMISCH, Exec. Dir. CDOC,
DAVID WALCHER, Arapahoe County Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER TO SUPPLEMENT RECORD

---

     Applicant, Gregory Dean Albright, was incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado, when he initiated this action.  On October 3, 2014, he informed the Court that he was transferred to the Adams County Detention Facility in Brighton, Colorado.  Mr. Albright is a Colorado Department of Corrections (DOC) offender who is on parole and awaiting the resolution of parole revocation proceedings.

     On May 29, 2014, Mr. Albright filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  On July 15, 2014, after being ordered to do so, Mr. Albright filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 10).  He is challenging his detention on a parole hold.  He also challenges the DOC's application of good-time and earned-time credits to his criminal sentence.  Also on July 15, Mr. Albright filed a motion titled

"Motion to Set Aside Exhaustion Requirement" (ECF No. 11).

On July 22, 2014, the Court ordered Respondents to file a preliminary response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action. The July 22 order also directed Respondents to address the "Motion to Set Aside Exhaustion Requirement."

On August 11, 2014, Respondents filed a preliminary response (ECF No. 21) arguing that the application should be denied and the action dismissed because the claims Mr. Albright asserts are unexhausted. On August 26, 2014, Mr. Albright filed a reply (ECF No. 22) to the preliminary response.

The Court must construe liberally the amended application and other papers filed by Mr. Albright because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will direct Respondents to supplement the record.

Mr. Albright asserts four claims for relief in the amended application. He asserts violations of his due process rights because of the alleged failure to provide a timely revocation hearing (claim one) and equal protection rights because of the denial of access to the state bail system and his detention on a parole hold (claim two). He asserts a claim of cruel and unusual punishment under the Eighth Amendment for his excessive bond (claim three). Finally, he asserts a violation of his Fourth Amendment

2

search and seizure rights based upon miscalculations of good-time and earned-time credits (claim four).

On February 10, 2014, Mr. Albright filed a petition for writ of habeas corpus for unlawful detention in Washington County District Court Case No. 14CV1.  *See* ECF No. 21, ex. A-1 (Writ of Habeas Corpus for Unlawful Detention).  Based upon the Court's review, he does not appear to assert all the federal constitutional claims he raises here. On February 19, 2014, the Washington County District Court entered an order denying Mr. Albright's habeas corpus petition.  *See* ECF No. 21, ex. A-2 (Order:  Motion – Writ of Habeas Corpus for Unlawful Detention).  Mr. Albright appealed the decision of the Washington County District Court, and the matter was pending in the Colorado Supreme Court in Case No. 14SA130 as of the date of the preliminary response.  *See* ECF No. 21 at 4-5, ex. A-3 (Order of Court dated April 29, 2014).  According to the April 29 order, appellant's opening brief was due on or before June 4, 2014.  *See* ECF No. 21, ex. A-3 at 2.  In the reply, Mr. Albright contends the state supreme court denied the appeal from his state habeas corpus petition on August 11, 2014.  ECF No. 22 at 2-3.

Respondents will be directed to supplement the record currently before the Court by submitting copies of Mr. Albright's opening brief filed in the Colorado Supreme Court in Case No. 14SA130 and the state supreme court's order entered on August 11, 2014, denying the appeal from Applicant's state habeas corpus petition.

Accordingly, it is

ORDERED that Respondents supplement the record currently before the Court by submitting **within fourteen (14) days from the date of this order** copies of Mr. Albright's opening brief filed in the Colorado Supreme Court in Case No. 14SA130 and

3

the state supreme court's order entered on August 11, 2014, denying the appeal from Applicant's state habeas corpus petition.  It is

FURTHER ORDERED that Respondents inform the Court of any other updates in Mr. Albright's state court filings pertinent to the resolution of this action, including but not limited to the hearing scheduled for August 15, 2014, in Applicant's petition for writ of habeas corpus for unlawful detention pending in Arapahoe County District Court Case No. 14CV129, and supplement the record with any orders entered in those state court filings.

DATED October 6, 2014, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland_____
United States Magistrate Judge