IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01505-BNB

GREGORY DEAN ALBRIGHT,

    Applicant,

v.

RICK RAEMISCH, Exec. Dir. CDOC,
DAVID WALCHER, Arapahoe County Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Gregory Dean Albright, was incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado, when he initiated the instant action. He subsequently informed the Court that he has been transferred to the Adams County Detention Facility in Brighton, Colorado. Mr. Albright is a Colorado Department of Corrections (DOC) offender who is on parole and awaiting the resolution of parole revocation proceedings.

    On May 29, 2014, Mr. Albright filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On July 15, 2014, after being ordered to do so, Mr. Albright filed *pro se* an amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 10). He is challenging his detention at the Arapahoe County Detention Facility on a parole hold. He also challenges the DOC's application of good-time and earned-time credits to his criminal sentence. Also on July

15, Mr. Albright filed a motion titled "Motion to Set Aside Exhaustion Requirement" (ECF No. 11).

On July 22, 2014, Magistrate Judge Boyd N. Boland ordered Respondents to file a preliminary response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses in this action. The July 22 order also directed Respondents to address the "Motion to Set Aside Exhaustion Requirement."

On August 11, 2014, Respondents filed a preliminary response (ECF No. 21) arguing that the application should be denied and the action dismissed because the claims Mr. Albright asserts are unexhausted. On August 26, 2014, Mr. Albright filed a reply (ECF No. 22) to the preliminary response.

On October 6, 2014, Magistrate Judge Boland entered an order (ECF No. 28) directing Respondents to supplement the record within fourteen days by filing copies of Mr. Albright's opening brief in Colorado Supreme Court Case No. 14SA130 and the state supreme court's order entered on August 11, 2014, denying the appeal from Applicant's state habeas corpus petition. The October 6 order also directed Respondents to inform the Court of any other updates in Mr. Albright's state court filings pertinent to the resolution of this action, including but not limited to the hearing scheduled for August 15, 2014, in Applicant's petition for writ of habeas corpus for unlawful detention pending in Arapahoe County District Court Case No. 14CV129, and supplement the record with any orders entered in those state court filings. On October 20, 2014, Respondents filed their supplemental preliminary response (ECF No. 29).

On November 6, 2014, Mr. Albright filed a notification (ECF No. 32) that he would petition the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) for a writ of mandamus seeking his release from incarceration. On the same day, the Tenth Circuit notified Mr. Albright of the steps he must take to keep the mandamus proceeding from being dismissed. See ECF No. 35.

The Court must construe liberally the amended application and other papers filed by Mr. Albright because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the amended application and dismiss the action.

Mr. Albright asserts four claims for relief in the amended application. He asserts violations of his due process rights because of the alleged failure to provide a timely revocation hearing (claim one) and equal protection rights because of the denial of access to the state bail system and his detention on a parole hold (claim two). He asserts a claim of cruel and unusual punishment under the Eighth Amendment for his excessive bond (claim three). Finally, he asserts a violation of his Fourth Amendment search and seizure rights based upon miscalculations of good-time and earned-time credits (claim four).

Judicial review of the execution of a sentence is governed by § 2241. *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999). A federal court may only grant habeas corpus relief when a state prisoner is "in custody in violation of the constitution, laws, or treaties of the United States." 28 U.S.C. § 2241(c). Federal courts

do not possess supervisory authority over state judicial proceedings; they may only intervene to correct violations of federal law.  *See, e.g.*, *Smith v. Phillips*, 455 U.S. 209, 221 (1982).  Review of habeas corpus actions under § 2241 is governed by 28 U.S.C. § 2243, which vests the Court with the authority to decide the case as a matter of law. *See* 28 U.S.C. § 2243; *Watts v. Hadden*, 489 F. Supp. 987, 989 (D. Colo. 1980), *aff'd*, 651 F.2d 1354 (10th Cir. 1981).

"A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  In *Picard v. Connor*, 404 U.S. 270, 275-76 (1971), the Supreme Court noted:

> We emphasize that the federal claim must be fairly presented to the state courts.  If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts.  The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts.  Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.

*Id.* (internal citation and quotation marks omitted).  "The exhaustion requirement is not one to be overlooked lightly.  Principles of comity and federalism demand that the requirement be 'strictly enforced.'"  *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).

Mr. Albright is required to exhaust state remedies before he may raise his claims

4

in federal court.  *See Montez*, 208 F.3d at 866.  The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  A state prisoner bringing a federal habeas corpus bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).  "A state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."  *Castille*, 489 U.S. at 351 (internal quotation marks and citation omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation).  The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition

for an extraordinary writ.  *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).  Furthermore, relief under Colorado Appellate Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal . . ., is available."  Colo. App. R. 21(a)(1).  As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument.  *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).

Mr. Albright initiated four separate state court proceedings before and during the time he has been seeking relief in this Court, each of which is discussed in detail below.  Respondents argue that Mr. Albright has not fully exhausted his state court remedies prior to filing the instant action.  They contend the habeas corpus application should be denied and the action dismissed for that reason.

**Washington County District Court Case No. 14CV1**

On February 10, 2014, Mr. Albright filed a petition for writ of habeas corpus for unlawful detention in Washington County District Court Case No. 14CV1.  *See* ECF No. 21, ex. A-1 (Writ of Habeas Corpus for Unlawful Detention).  Based upon the Court's review, he does not appear to assert all the federal constitutional claims he raises here.  On February 19, 2014, the Washington County District Court entered an order denying Mr. Albright's habeas corpus petition.  *See* ECF No. 21, ex. A-2 (Order:  Motion – Writ of Habeas Corpus for Unlawful Detention).  Mr. Albright appealed the decision of the Washington County District Court, and the matter was pending in the Colorado Supreme Court in Case No. 14SA130 as of the date of the preliminary response.  *See* ECF No. 21 at 4-5, ex. A-3 (Order of Court dated April 29, 2014).  According to the April

29 order, appellant's opening brief was due on or before June 4, 2014. *See* ECF No. 21, ex. A-3 at 2. According to the supplemental preliminary response, on June 26, 2014, the Colorado Supreme Court issued an order noting that the opening brief was due but not filed on June 4, and indicating that if the opening brief was not filed by August 1, 2014, the case would be submitted to the Court for resolution based on the pleadings currently on file. See ECF No. 29, ex. A-11. The June 26 order accepted as a supplemental notice of appeal the pleading titled "Submission of Revised Resolutions and Relief Sought."

In his reply, Mr. Albright alleges that the state supreme court denied the appeal from his state habeas corpus petition on August 11, 2014. ECF No. 22 at 2-3. According to the supplemental preliminary response, the Colorado Supreme Court entered its order on August 11, 2014, affirming the decision of the Washington County District Court without Mr. Albright having filed an opening brief. *See* ECF No. 29, ex. A-8. Mr. Albright did not file his opening brief in No. 14SA130 until August 27, 2014. *See* ECF No. 29, ex. A-9. On September 3, 2014, the state supreme court issued an order noting that (1) Mr. Albright's opening brief was received on August 27; (2) the court affirmed the Washington County District Court order on August 11, 2014; and (3) the case was closed. *See* ECF No. 29, ex. A-10. Therefore, because he failed to present his claims fairly to the state supreme court, *see Castille*, 489 U.S. at 351, Mr. Albright has not exhausted state court remedies before seeking federal court review.

**Adams County District Court Case No. 08CR2090**

On April 1, 2014, Mr. Albright filed a petition for postconviction relief pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in Adams County District Court

Case No. 08CR2090, again contesting the parole revocation proceedings, although he does not appear to assert all the federal constitutional claims he raises here.  *See* ECF No. 21, ex. A-4 (Petition for Postconviction Relief Pursuant to Crim. P. 35(c)).  On June 16, 2014, the Adams County District Court issued its order denying Mr. Albright's postconviction Rule 35(c) motion.  *See* ECF No. 21, ex. A-5 (Order).  Mr. Albright has not appealed from the denial.  *See* ECF No. 21 at 5.  Therefore, Mr. Albright has not exhausted state court remedies in this action before seeking federal court review.

**Colorado Supreme Court Case No. 14SA132**

On April 29, 2014, Mr. Albright filed a "Petition for Colorado Supreme Court Original Jurisdiction in the First Instance" in Colorado Supreme Court Case No. 14SA132.  *See* ECF No. 29, ex. A-14.  The state supreme court construed the petition as an original proceeding pursuant to Colo. App. R. 21, *see* ECF No. 29, ex. A-11, and on August 11, 2014, denied the petition.  *See* ECF No. 29, ex. A-15.  The original proceeding Mr. Albright filed in the Colorado Supreme Court does not satisfy the fair presentation requirement because the denial of the petition does not indicate that the Colorado Supreme Court considered the merits of the petition.  The state supreme court may, in its discretion, decline to address the merits of the claims asserted in an original petition for an extraordinary writ.  *See* Colo App. R. 21; *see also Rogers*, 171 P.2d at 770.  Therefore, Mr. Albright has not exhausted state court remedies in this action prior to seeking federal court review.

**Arapahoe County District Court Case No. 14CV129**

On June 3, 2014, Mr. Albright filed a petition for writ of habeas corpus for

unlawful detention in Arapahoe County District Court Case No. 14CV129. ECF No. 21, ex. A-6 (Writ of Habeas Corpus for Unlawful Detention). Again, based upon the Court's review, he does not appear to assert all the federal constitutional claims he raises here. On July 31, 2014, the state district court issued a writ and set the matter for a hearing on August 8, 2014. *See* ECF No. 21, ex. A-7 (Writ of Habeas Corpus for Plaintiff Gregory D. Albright). At the August 8 hearing, the district court set the matter for the hearing on August 15, 2014, so that the Court could issue its ruling. *See* ECF No. 21 at 5. In his reply, Mr. Albright asserts that his state habeas corpus petition was denied on August 15. See ECF No. 22 at 2. According to the supplemental preliminary response, the Arapahoe County District Court held a hearing on August 15 and, at Mr. Albright's request, heard additional argument before entering its oral ruling denying Mr. Albright's petition. On August 27, 2014, Mr. Albright filed a petition for rehearing (ECF No. 29, ex. A-20), which apparently remains pending in the Arapahoe County District Court. To date, Mr. Albright has not appealed from the decision by the Arapahoe County District Court in No. 14CV129. Therefore, Mr. Albright has not exhausted state court remedies in this action before seeking federal court review.

**Motion to Set Aside Exhaustion Requirement (ECF No. 11)**

Respondents argue Mr. Albright's motion to set aside the exhaustion requirement should be denied. Section 2254(b)(1)(B) excuses a habeas corpus applicant from exhaustion if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.*

The current record before the Court belies any claim that there is an absence of

available state processes. As discussed above, in No. 14CV1, Mr. Albright petitioned the Washington County District Court, which denied his petition. He appealed from this ruling to the Colorado Supreme Court, which affirmed the district court decision without considering Mr. Albright's opening brief filed past the filing deadline.

Mr. Albright filed No. 14SA132, an original proceeding pursuant to Colo. App. R. 21 the Colorado Supreme Court, which denied the petition without considering its merits. He presented claims to the district courts in Adams and Arapahoe counties. The Adams County District Court in No. 08CR2090 denied his Colo. R. Crim. P. 35(c) motion, and he has not appealed from that denial. The Arapahoe County District Court in No. 14CV129 issued a writ, held a hearing on August 8, 2014, and denied the petition for writ of habeas corpus after another hearing on August 15, 2014. Mr. Albright has not appealed from the denial, and his petition for rehearing appears to be pending in the district court.

Similarly, Mr. Albright cannot show that circumstances exist rendering the available State corrective process ineffective to protect his rights. He has presented claims to the district courts in Washington, Adams, and Arapahoe counties, and to the Colorado Supreme Court, both through direct appeal and original proceeding. Simply because Mr. Albright has not achieved the relief he seeks does not mean the available state corrective process is ineffective to protect his rights.

As a result, Mr. Albright has failed to make the required showing that his circumstances fall within the recognized exemptions from the exhaustion requirement. Finally, the Court notes that Mr. Albright's efforts to exhaust have occurred while this case has been pending in this Court. Mr. Albright is required to exhaust state remedies

before he may raise his claims in federal court.  See *Montez*, 208 F.3d at 866.

The habeas corpus application will be denied and the action dismissed for failure to exhaust state remedies.  Mr. Albright's allegations concerning his health asserted in emergency filings such as ECF Nos. 20 (Petition for Emergency Relief and Intervention) and 26 (Emergency Filing for Federal Intervention) are inappropriately filed in this habeas corpus action.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 10) is DENIED and the action DISMISSED without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that the motion titled "Motion to Set Aside Exhaustion Requirement" (ECF No. 11) is DENIED.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma*

before he may raise his claims in federal court.  See *Montez*, 208 F.3d at 866.

The habeas corpus application will be denied and the action dismissed for failure to exhaust state remedies.  Mr. Albright's allegations concerning his health asserted in emergency filings such as ECF Nos. 20 (Petition for Emergency Relief and Intervention) and 26 (Emergency Filing for Federal Intervention) are inappropriately filed in this habeas corpus action.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 10) is DENIED and the action DISMISSED without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that the motion titled "Motion to Set Aside Exhaustion Requirement" (ECF No. 11) is DENIED.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any other pending motions or petitions are denied as moot.

DATED at Denver, Colorado, this  13th  day of   November  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court